## MASSACHUSETTS BONDING & INS. CO. v. DANIELS et al.

### No. 283.

District Court, E. D. Illinois.

May 16, 1941.

See, also, D. C., 35 F.Supp. 653.

Kramer, Campbell, Costello & Wiechert, R. J. Kramer, and John C. Roberts, all of East St. Louis, Ill., for Massachusetts Bonding & Ins. Co. and others.

Gertrude G. Huitt, of East St. Louis, Ill., for Daniels and others.

Harold G. Baker (of Baker, Lesemann, Kagy & Wagner), of East St. Louis, Ill., for Producers Live Stock Commission Ass'n.

Joseph N. Hassett and Vernon L. Turner, both of St. Louis, Mo., and Curt C. Lindauer, of Belleville, Ill., for Krey Packing Co.

Henry Driemeyer and Robert K. Heineman (of Pope & Driemeyer), both of East St. Louis, Ill., for Hunter Packing Co.

WHAM, District Judge.

From the evidence it appears that in the performance of the transactions in question for defendants Hunter Packing Company, hereinafter referred to as "Hunter", and Krey Packing Company, hereinafter referred to as "Krey", wherein they suffered the losses set up in their answers, Edna Denby, doing business as E. C. Snider Company of National Stockyards, Illinois, was not acting in the capacity of a market agency or dealer within the meaning of the Packers and Stockyards Act, 1921, as amended. U.S.C.A. Title 7, sections 181–231. Both Hunter and Krey used her and her facilities as an aid in consummating purchases from the commission men and others but in giving such aid she was acting as the agent of each of said packing companies and not as a market agency or dealer. So acting she was not recognized by the Department of Agriculture nor required to register as a market agency or dealer (U.S.C.A. Title 7, section 203) nor required by said Act to give a bond as a guaranty of her faithfulness. U.S.C.A. Title 7, section 204. As their agent the packers were responsible for her acts. Neither they nor their agents, including Mrs. Denby,

[11] See American Fruit Growers, Inc. v. United States, 9 Cir., 105 F.2d 722; Securities & Exchange Commission v. Torr, 2 Cir., 87 F.2d 446.

were required to register or give bond. United States v. Roberts & Oake, 7 Cir., 65 F.2d 630.

■ E. C. Snider and Company (Mrs. Edna Denby) was recognized as a "market agency" because she furnished clearing services within the meaning of the Regulations under the Packers and Stockyards Act issued by the Secretary of Agriculture February 17, 1938, effective March 1, 1938, as amended June 15, 1939 (9 C.F.R. section 201.20). For that purpose only she was required to register and give a bond. For that purpose only she was registered and gave bond. Under said regulations she was required to give a "reasonable bond, satisfactory to the Secretary of Agriculture". The amount of the bond was determined from a consideration of the amount and character of business she would do as a market agency engaged in a clearing business. To meet said requirement she gave the bond here in question with the plaintiff as surety. The condition of the bond was as follows:

"If the said principal, acting in the capacity of broker or clearing agency, and thereby being responsible for the financial obligations of other registrants, shall (a) pay, when due, to the person or persons entitled thereto the purchase price for all livestock purchased by such other registrants at a public stockyards as defined in the Act of Congress known as the Packers and Stockyards Act, 1921, as amended; (b) safely keep and properly disburse all funds coming into the hands of said principal for the purpose of making such purchases at a public stockyards, as defined aforesaid; and (c) safely keep, and faithfully and promptly account for and pay to the owners or consignors the proceeds of sales of all livestock received for sale on a commission basis by such other registrants for whom said principal acts as broker or clearing agency, at a public stockyards as defined aforesaid, for or on account of such owners or consignors, then this bond shall be null and void, otherwise to remain in full force and virtue."

By the terms of the bond it is limited to a guaranty of her fulfillment of her responsibility "for the financial obligations of other registrants." The "other registrants" to whom the bond refers were certain individuals who were specified to and accepted by the Department of Agriculture as clearees of the E. C. Snider Company on the National Stockyards market and for whom E. C. Snider Company undertook to furnish a clearance service. These clearees were registered dealers on the National Stockyards market and they were permitted to operate as such without bond by reason of the undertaking of E. C. Snider Company to clear their transactions. The purpose of the bond was to insure her fulfillment of said undertaking.

The contention of Hunter and Krey is that Mrs. Denby, doing business as E. C. Snider Company, was a market agency in the fullest statutory meaning of the term and her bond must be construed as broadly as necessary to protect all those who dealt with her as a market agency; that she was acting in the capacity of a market agency in her transactions with them in which she secured large sums of money for which she did not account; that they are entitled to the protection of the bond regardless of the limitations contained in the bond as the bond will be construed to carry out its statutory purpose. As stated above, I am of the opinion that she was not acting in a capacity as a market agency in said transaction with them nor were they dealing with her as a market agency. She was acting as their agent in a private capacity, just as she was in the collection service which she conducted under the name of "Duly Collection Agency". It is my judgment that taking the assignments from the firms from whom the purchases were made placed Krey and Hunter in no better or different position in this suit.

She was not known to the representatives of the United States Department of Agriculture at National Stockyards, who were responsible for the enforcement of the Act and Regulations, as being engaged in the business of buying or selling in commerce livestock at a stockyard on a commission basis but only as a market agency in the sense that she furnished specified and authorized clearing services for which, and for which only, her bond was required and taken. The amount of the bond was calculated and fixed, under the regulations, upon the amount involved in and the extent of said clearing services. The bond is so drawn and intended.

To require those who are secured by the terms of the bond to share its security with those who dealt with Mrs. Denby in a private capacity or even in a capacity commonly attributed to a market agency, if such dealings were surreptitious or unknown to the authorities responsible for fixing the amount of the bond would be

most unfair to those for whose protection the bond was required.

As to the Krey transactions Mrs. Denby was working closely with Krey's buyer and was in no different position than the same buyer would have been if he had rendered the service which Mrs. Denby gave and had been guilty of the same defalcation. The Hunter transaction was a plain case of trickery by Mrs. Denby. Though, prior thereto, she had acted in the capacity of a commission buyer for them, it was in isolated cases unknown to the government authorities at the stockyards. The authorities only knew that in addition to her clearing services which she rendered as a market agency, she conducted, in a private capacity, a collection service in and about the yards and commission houses, collecting and delivering to proper places checks, memoranda, etc., for which service she was paid. This collection service did not come within the classification of market agency.

Wherefore, neither Hunter nor Krey is entitled to the protection of the bond and neither can recover in this suit. The other defendants are entitled to recover their losses shown by the evidence to have been suffered by them as a result of the failure of E. C. Snider Company to fulfill her obligations as clearance agency. There seems to be no dispute as to those amounts and specification of same is not here required.

Suggested findings, conclusions and decree may be prepared in collaboration by counsel for plaintiff and the defendants here permitted to recover and presented, upon notice, if not agreed to as correctly reflecting this memorandum.